**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSÉ GONZÁLEZ-ORTÍZ and ALEXANDRA VEGA ROSARIO,<br><br>**Plaintiffs**,<br><br>v.<br><br>PUERTO RICO AQUEDUCT AND SEWER AUTHORITY (PRASA); NORMAN J. TORRES-MAYSONET; HERIBERTO VÁZQUEZ-GARCÍA; and ÁNGEL MACHADO-PELLOT,<br><br>**Defendants**. | CIVIL NO. 23-1509 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff José González-Ortíz's ("González-Ortíz" or "Plaintiff")[1] *Motion for Partial Reconsideration* ("*Reconsideration*"). (Docket No. 35). Plaintiff requests that the Court reconsider its Opinion and Order granting in part and denying in part Individual Defendants'[2] *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* ("*Motion to Dismiss*"). (Docket Nos. 30 and 21, respectively).

---

[1] González-Ortíz is joined in the *Complaint* by his common-law partner, Alexandra Vega-Rosario. (Docket No. 1 ¶¶ 13-14). For ease of reference, the Court uses the term Plaintiff to refer to González-Ortíz specifically and to refer to his position, which is shared with his co-plaintiff.

[2] Defendants in this case include co-Defendants Heriberto Vázquez García ("Vázquez"), Ángel Machado Pellot ("Machado"), and Norman Torres Maysonet ("Torres") (collectively, "Individual Defendants"); as well as co-Defendant Puerto Rico Aqueduct and Sewer Authority ("PRASA").

For the reasons discussed below, the Court hereby **DENIES** Plaintiff's *Motion for Partial Reconsideration*.

## I. PROCEDURAL BACKGROUND

On October 10, 2023, Plaintiff filed his *Complaint* (Docket No. 1), alleging that Defendants engaged in political discrimination against him in violation of the First Amendment of the United States Constitution; Article II, Sections 1, 2, 4, 6 and 7 of the Constitution of the Commonwealth of Puerto Rico; and Articles 1536, 1538, 1539, and 1540 of the Puerto Rico Civil Code. Id. ¶¶ 82, 85, 87-88. Plaintiff claims Defendants took discriminatory action against him because of his disinterest in participating in New Progressive Party ("NPP") political activities at and outside of work. Id. ¶ 84.

Individual Defendants filed their *Motion to Dismiss* on December 22, 2023.[3] (Docket No. 21). On August 12, 2024, the Court issued an Order and Opinion granting in part and denying in part the Individual Defendants' *Motion to Dismiss*. (Docket No. 30). Relevant to the present *Reconsideration*, the Court held, *sua sponte*, that all of Plaintiff's claims based on informal harassment prior to his termination were time-barred[4] because the "only

---

[3] PRASA filed an *Answer to the Complaint* on the same date as the other Co-Defendants filed their *Motion to Dismiss*. (Docket No. 22).

[4] Noting that 42 U.S.C. § 1983 claims borrow the state law governing limitations, so "the relevant statute of limitations for civil rights claims in Puerto Rico takes a one-year limitation period from P.R. Laws Ann. Tit. 31, § 5298(2)." Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).

discriminatory action that took place after October 10, 2022, and which is thereby within the statute of limitations, is Plaintiff's termination." Id. at 21-22, 28-29. Accordingly, the Court granted the *Motion to Dismiss* as to all adverse employment actions except Plaintiff's termination.[5] Id. at 22, 30.

On September 9, 2024, Plaintiff filed his *Reconsideration*, claiming this Court abused its discretion and erred as a matter of law by dismissing *sua sponte* Plaintiff's hostile work environment claims – all of Plaintiff's adverse employment actions except Plaintiff's termination – as time-barred without providing Plaintiff the opportunity to present his position. (Docket No. 35 at 1-3). Plaintiff contends that the continuous violation doctrine applies to his claims because the termination of González-Ortíz's employment "is adequately linked to the pre-termination harassment which he suffered from co-Defendants," meaning "the termination of employment bears a sufficient relation to the earlier acts of harassment." Id. at 3-5.

On September 26, 2024, Co-Defendants Vázquez and Torres filed their *Response in Opposition to Motion for Partial Reconsideration* ("*Response*"), arguing that Plaintiff raises his claim for hostile work environment for the first time in his *Reconsideration* and

---

[5] The Court applied the same one-year statute of limitations to Plaintiff's claims brought under the Puerto Rico Constitution and Civil Code, thereby granting the *Motion to Dismiss* as to any of those claims pertaining to conduct prior to October 10, 2022, and denying the *Motion to Dismiss* regarding Plaintiff's termination. (Docket No. 30 at 28-31).

that, regardless, what Plaintiff alleges are a "collection of discrete acts that make the continued violation doctrine inapplicable" because Plaintiff understood Defendants' acts to be harassment and political discrimination at the time – yet did not file claims within the allotted one-year period. (Docket No. 46 at 6-9). Additionally, they aver the Court was within its rights to *sua sponte* dismiss the pre-termination claims as time-barred because Plaintiff's *Complaint* was a "complete set of facts" where an amendment would be futile to cure the "defects that are evidence from the face of the complaint." Id. at 9-10.

On September 26, 2024, Defendant PRASA also filed its *Opposition to Motion for Partial Reconsideration* ("*Opposition*"), noting that in its *Answer*, it raised the affirmative defense that most of Plaintiff's claims were time-barred. (Docket No. 47 at 2). Moreover, PRASA asserts the Court had the power to *sua sponte* dismiss the claims since it was clear from the face of the *Complaint* that the claims fell outside of the statute of limitations and there were no meritorious tolling issues. Id. at 4-7. Furthermore, it highlighted that Plaintiff in his *Complaint* never alleged that the claimed acts were part of a "continuing violation" or a hostile work environment. Id. at 7. Plaintiff's *Complaint* set forth "dated, detailed allegations of acts" that show "he was well aware that the alleged acts on which he bases his claims were due to his lack of political affiliation" as early

as one month after the commencement of his employment, and the "continuing violation doctrine does not apply when a plaintiff considers the act of which he complains to be discriminatory at the time." Id. at 7-11. Regardless, PRASA posits that Plaintiff's actionable claims were discrete acts that individually triggered the commencement of the one-year statute of limitations period. Id. at 11-14.

Plaintiff filed a *Reply to Defendants' Opposition* ("*Reply*") on October 11, 2024, maintaining that he had raised a hostile work environment claim from the start and that the "continuous violation doctrine applies because the allegations of informal harassment involve repeated conduct and acts of harassment that may not be actionable on its own." (Docket No. 54 at 2-6). Gonzalez-Ortiz's "discriminatory termination . . . was the last straw of a series of discriminatory events." Id. at 6.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Consequently, a motion which asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005); *see also* United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). Under First Circuit precedent, reconsideration is "an extraordinary remedy which

should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, a district court may **only** grant a reconsideration if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 2019 WL 3716472, at *2 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

Indeed "[w]hen the motion simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration." Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 44553620, at *2 (D.P.R. 2019) (motion for reconsideration "**unavailable if said request simply brings forth a point of disagreement between the court and the litigant**." (quoting Figueroa Carrasquillo v. Drogueria Cent., Inc., 2018 WL 8584211, at *2 (D.P.R. 2018))). Further, it may not be brought by a losing party to "raise legal theories that should have been raised earlier." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of P.R., 2018 WL 9412924, at *6 (D.P.R. 2018) (citation omitted). Hence, a reconsideration does "not provide a vehicle for a party to undo its own procedural failures." Peña-Fernández, 2019 WL 3716472, at *2 (quotation omitted).

### III.   ANALYSIS

Plaintiff failed to show a manifest error of law, newly discovered evidence, or any other circumstance which would warrant reconsideration of the Court's Opinion and Order. *See* Id.

As a general matter, "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly." Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002) (quoting Gonzalez-Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir.2001)). "The general rule is that 'in limited circumstances, sua sponte dismissals of complaints under Rule 12(b)(6) ... are appropriate,' but that 'such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond.'" Chute, 281 F.3d at 319 (quoting Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R., 144 F.3d 7, 13-14 (1st Cir.1998)). However, "[e]ven a sua sponte dismissal entered without prior notice to the plaintiff may be proper" "'[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'" Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007) (quoting Chute, 281 F.3d at 319). *Sua sponte* dismissal can be appropriate where the complaint "contain[s] incurable defects that are evident from the face of the complaint." Id.

Here, the Court was within its authority to dismiss *sua sponte* Plaintiff's pre-termination claims as time-barred because the

statute of limitations defects were evident on the face of the *Complaint*, and any amendment to the factual basis would not alter that determination. However, to the extent that Plaintiff was not given an opportunity to fully argue that the continuous violation doctrine applies to his set of facts, the Court will further elaborate upon its time-barred decision here, now that Plaintiff has had opportunity to voice his argument in his *Reconsideration* and *Reply*. Notably, Plaintiff does not present any newly discovered evidence to supplement his assertions, but rather tries to re-frame his claims by restating the same facts from his *Complaint* under the guise of a continuing violation of political discrimination – further highlighting that granting leave to amend the *Complaint* would have been futile.

As the Court noted in its previous Order – past precedent states that "§ 1983 claims accrue 'when the plaintiff knows, or has reason to know, of the injury on which the action is based.'" (Docket No. 30 at 22 (quoting Marrero-Gutierrez, 491 F.3d at 5 (quoting Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994)))). "Under the 'continuing violation' doctrine, a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period."[6] Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 130 (1st

---

[6] "Although the continuing violation doctrine is derived from decisions interpreting Title VII of the Civil Rights Act of 1964, it has been widely applied to § 1983 cases within the First Circuit." Navarro-Colón v. Rodríguez-

Cir. 2009). "However, this doctrine does not apply to 'discrete acts' of alleged discrimination that occur on a 'particular day' . . . [i]nstead, it applies only to claims that cannot be said to occur on a particular day and that by their very nature require repeated conduct to establish an actionable claim." Ayala v. Shinseki, 780 F.3d 52, 57 (1st Cir. 2015).

"Although the name of the doctrine may sound auspicious for late-filing plaintiffs, it does not allow a plaintiff to avoid filing suit so long as some person continues to violate his rights." Pérez-Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008) (emphasis omitted); *see also* Bonilla v. Trebol Motors Corp., 913 F.Supp. 655, 659-60 (D.P.R. 1995) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."). The doctrine does not apply to discrete acts that are "instantaneously actionable" – including, as in this case, (1) a negative evaluation regarding Plaintiff's job performance, (2) the incidents on June 10, 2022, (3) a memorandum detailing Plaintiff's refusal "to do the tasks he was asked", (4) an investigation report recommending dismissal, and, ultimately, (5) Plaintiff's termination. *See* Ayala, 780 F.3d at 57; *see also* Malone v. Lockheed Martin, 610 F.3d 16, 20-22 (1st Cir. 2010) (refusing to apply the continuing

---

Mulet, 582 F.Supp.3d 5 at 16 n.9 (D.P.R. 2022) (internal quotation marks omitted); see Gorelik v. Costin, 605 F.3d 118 (1st Cir. 2010) (applying the continuous violation doctrine to a 42 U.S.C. § 1983 claim).

violation doctrine to plaintiff's claims that he "received a series of escalating reprimands, deteriorating performance reviews, and eventually a demotion" because these acts were discrete).[7] "Rather, the one-year statute of limitations for these discrete acts (and, by extension, Plaintiff's Section 1983 claims) begins to run upon their initial occurrence, even if Plaintiff continues to feel the effect of such adverse employment actions for as long as he remained employed." Ruiz-Lugo v. Municipality of San Juan, 382 F.Supp.3d 173, 175 (D.P.R. 2019); Ayala, 780 F.3d at 57-58 ("It is well-established that the statute is triggered upon the initial occurrence of the discrete adverse employment action, even if 'the effect of the employer's [actions] continues to be felt by the employee for as long as he remains employed.'")(quoting Tobin, 553 F.3d at 132). First Circuit case law provides that a claim accrues as a discrete act of discrimination "when it has a crystallized and tangible effect on the employee and the employee has notice of both the act and its invidious etiology." Shervin v. Partners Healthcare Sys., Inc., 804 F.3d 23, 34 (1st Cir. 2015); *see also*

---

[7] In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court stated that "'termination, failure to promote, denial of transfer, or refusal to hire' are easily identifiable discrete acts instantaneously actionable." Ayala, 580 F.3d at 57. Additionally, the First Circuit has held that the "denial of a reasonable accommodation, the failure to renew a contract, a change of supervisor, a relocation to another floor, a transfer to another office, and the failure to assign work to an employee also constitute discrete acts." Id. (collecting cases). Notably, the First Circuit has also held that "a negative performance evaluation, transfer to another area, and letter of warning also constitute discrete acts." Id.; *see* Miller v. N.H. Dep't of Corr., 296 F.3d 18, 21-22 (1st Cir. 2002); *see also* Malone, 610 F.3d at 20-22.

Rae v. Woburn Pub. Schs., 113 F.4th 86, 102 (1st Cir. 2024).

The continuous violation doctrine cannot be applied to allow "discriminatory and retaliatory acts that are plausibly or sufficiently related to that [timely] act [to] also be considered for the purposes of liability." Morgan, 536 U.S. 111 at 114; *see also* Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 33 (1st Cir. 2009) ("As to serial violations, the Supreme Court has reiterated that 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" (quoting Morgan, 536 U.S. at 113)). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" and "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Morgan, 536 U.S. at 113-14. Moreover, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 113; *see* Rae, 113 F.4th at 103 ("[R]elated discrete acts cannot be combined into a single unlawful practice for the purpose of timely filing." (internal quotation marks omitted)).

Even if this Court considered these alleged acts to be a pattern of political discrimination that continued up until the filing of Plaintiff's *Complaint* on October 10, 2023, the continuous violation doctrine "is only available where a plaintiff was unaware

of the discriminatory nature of otherwise time-barred conduct at the [moment] that it occurred." Dávila-Feliciano v. P.R. State Ins. Fund Corp., 754 F.Supp.2d 351, 365 (D.P.R. 2010). The *Complaint*, however, shows that Plaintiff considered each of the alleged acts to be discriminatory at the outset. Plaintiff states that "since the early stages of his employment he experienced the serious entanglement between partisan politics and the workplace." (Docket No. 1 ¶ 19). He notes multiple incidents where he was "urged in countless occasions by [Defendants] to get involved and participate in NPP political activities because said participation would greatly benefit Plaintiff in his employment" – such as the two political activities in October and November of 2019, his unsolicited addition to the Aquatics WhatsApp chat, and the use of his electoral ID for filling out political endorsements. Id. ¶¶ 21-28. Thereafter, multiple times throughout his *Complaint*, Plaintiff describes his encounters with Defendants as "just the continuation of that pattern of discriminatory abuse of authority" or as something that "can only be understood as part of the pattern of harassment and political discrimination." Id. ¶¶ 47, 49. Consequently, Plaintiff may not rely on the continuous violation doctrine to save his pre-termination claims from dismissal since the doctrine "does not allow [him] to avoid filing suit so long as [Defendants'] continue[] to violate [his] rights." Gorelik, 605 F.3d at 122 (clarifying that the doctrine is designed to allow a

suit "to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought.") (internal citations and quotation marks omitted); *see also* Ruiz-Lugo, 382 F.Supp.3d at 175.

The conduct referred to in the *Complaint* is not a continuous violation, but rather discrete acts. That the effect of these alleged actions lasted until Gonzalez-Ortiz was terminated does not help Plaintiff. Plaintiff's statute of limitations to raise his claims was triggered upon the initial occurrence of the adverse employment actions – when Plaintiff recognized the harassment was due to political discrimination – even if their effects continued to be felt for as long as he remained employed. *See* Tobin, 553 F.3d at 132; *see also* Rae, 113 F.4th at 104 ("[W]e have never held that a plaintiff's allegations of retaliatory harassment eliminate our obligation to evaluate whether the allegations include discrete discriminatory acts that are time barred."). Therefore, Plaintiff is not entitled to recover damages for the period prior to termination, since it is clear that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *See* Morgan, 536 U.S. at 113.

However, despite Plaintiff's inability to rely on the continuous violation doctrine to rescue his time-barred claims, "evidence of events that fall outside the statute of limitations **may still be admitted** as relevant background evidence to show that

discriminatory animus motivated the acts that occurred within the statute of limitations." Malone, 610 F.3d at 22 (emphasis added); see also Morgan, 536 U.S. at 113 (explaining that, even where discrete acts are time-barred, a plaintiff may still use "the prior acts as background evidence in support of a timely claim").

Since Plaintiff's challenged pre-termination employment actions constitute discrete acts, the continuous violation doctrine does not save Plaintiff's claims. As such, Plaintiff's claims are time-barred and within the Court's authority to dismiss *sua sponte* since it was evident on the face of the *Complaint*. The fact that Plaintiff disagrees with the Court on the matter of the continuous violation doctrine does not mean reconsideration is required. *See* Santa Cruz-Bacardi, 2019 WL 44553620, at *2 (reconsideration unavailable if request simply brings forth point of disagreement between court and litigant). Accordingly, there was no manifest error in law, newly discovered evidence, or any other circumstance that would merit granting Plaintiff's *Reconsideration*.

## IV. CONCLUSION

For the above reasons, the Court hereby **DENIES** Plaintiffs' *Motion for Partial Reconsideration*. (Docket No. 35).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of October 2024.

s/Raúl M. Arias-Marxuach  
UNITED STATES DISTRICT JUDGE